UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-00651-MEMF-PD Date: November 18, 2026

Title *Donald Benningfield v. United States Dept. of Justice, et al.*

Present: The Honorable: Patricia Donahue, U.S. Magistrate Judge

| Isabel Verduzco | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):** **Order to Show Cause Why Case Should Not Be Dismissed**

On January 14, 2026, Donald Benningfield ("Plaintiff"), proceeding pro se, filed a complaint against the U.S. Department of Justice, Federal Bureau of Prisons, Officer Sanchez and Lieutenant Brisenoe alleging violations of his constitutional rights seeking relief pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Dkt. No. 1. On August 11, 2026, Plaintiff filed a request to proceed without prepayment of fees. Dkt. No. 11. On August 24, 2026, the Court granted Plaintiff's request for leave to proceed without prepayment of fees. Dkt. No. 12.

## I. Summary of Factual Allegations

Plaintiff alleges that at the time of the incident, he was confined at the Federal Correctional Institution at Terminal Island, California. Dkt. No. 1 at 1. Plaintiff alleges that on or about January 23, 2025, he was placed in the Special Housing Unit ("SHU") without cause "for fifty-eight" days. *Id.* at 2.[1] He further alleges that, while housed in the SHU, Officer Sanchez and

[1] The Court uses the page numbers inserted on the pleadings by the electronic docketing system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-00651-MEMF-PD Date: November 18, 2026

Title *Donald Benningfield v. United States Dept. of Justice, et al.*

Lieutenant Brisenoe took his personal property, which Plaintiff has itemized. *Id.*

Plaintiff attached a "Small Claims for Property Damage or Loss (31 U.S.C. § 3723)" form to his Complaint. *Id.* at 4. On or about April 7, 2025, the Bureau of Prisons ("BOP") acknowledged receipt of Plaintiff's claim and assigned it a claim number. *Id.* at 5. On or about the same day, the BOP assigned May Shin as the supervisory attorney responsible for the claim. *Id.* at 2. Plaintiff states that May Shin indicated in a letter that "the Agency has up to six months" from the date of received in which to make a final determination of the administrative claim. *Id.* at 2, 5. Plaintiff alleges that as of December 30, 2025, the BOP had not responded to his claim. *Id.* at 2.

Plaintiff seeks compensatory damages in the following amounts: (1) $279.02 for "the loss of items, as listed in the receipts, of the personal property that was taken" and (2) $350.00 for the court filing fee. *Id.* at 2. Additionally, Plaintiff seeks punitive damages in the following amounts: (1) $2,000 against Defendant United States Dept. of Justice Federal Bureau of Prisons and (2) $500.00 against both Defendant Sanchez and Defendant Brisenoe. *Id.*

The Court has screened the Complaint. Dkt. No. 1. The Court issues this Order to Show Cause directed to Plaintiff because the face of the Complaint suggests that the Court lacks subject matter jurisdiction.[2]

## II. Standard of Review

In civil actions where the plaintiff has been granted leave to proceed without prepayment of fees, Congress requires district courts to dismiss the complaint "at any time" if the court determines the complaint, or any portion thereof: (1) is frivolous or malicious; (2) fails to state a claim upon which

[2] Magistrate Judges may dismiss a complaint with leave to amend without approval of the district judge. *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-00651-MEMF-PD Date: November 18, 2026

Title *Donald Benningfield v. United States Dept. of Justice, et al.*

relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 n.7 (9th Cir. 2000) (en banc). Because Plaintiff is appearing pro se, the Court must construe the allegations of the pleading liberally and must afford Plaintiff the benefit of any doubt. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). In screening the Complaint to determine whether Plaintiff's pleading states a claim on which relief may be granted, the Court "discount[s] conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (in determining whether a complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B), courts apply the standard of Fed. R. Civ. P. 12(b)(6)).

Federal courts are courts of limited jurisdiction and have subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). It is this Court's duty to examine its own subject matter jurisdiction, *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the Court may dismiss a case summarily if there is an obvious jurisdictional issue. *See Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003). "Absent a substantial federal question," a district court lacks subject matter jurisdiction, and claims that are "wholly insubstantial" or "obviously frivolous" are insufficient to "raise a substantial federal question for jurisdictional purposes." *Shapiro v. McManus*,577 U.S. 39, 45-46 (2015). A "plaintiff bears the burden of proving" the existence of subject matter jurisdiction and "must allege facts, not mere legal conclusions" to support the court's jurisdiction. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

## III. Discussion

The Complaint as pled fails to state a cognizable claim for relief.

### A. Plaintiff Cannot State a Claim Under Bivens for His Loss of Property

Plaintiff brings his claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Dkt. No. 1. To the extent Plaintiff seeks to pursue a Fifth Amendment claim under the Takings Clause against Defendants Sanchez and Brisenoe, a remedy under *Bivens* is unavailable for such claims. In *Bivens*, the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66 (2001). However, the Supreme Court has limited the application of *Bivens* to the Fourth Amendment for unreasonable search and seizure, *Bivens,* 403 U.S. at 397, the Fifth Amendment for gender discrimination, *Davis v. Passman*, 442 U.S. 228, 243–44 (1979), and the Cruel and Unusual Punishments Clause of the Eighth Amendment for deliberate indifference to serious medical needs, *Carlson v. Green*, 446 U.S. 14, 18–19 (1980).

Whether Defendants acted negligently, or intentionally and without authority, Plaintiff cannot establish a claim for a violation of his due process rights. If Defendants' negligence caused the loss of Plaintiff's property, there would be no constitutional deprivation. *See Daniels v. Williams*, 474 U.S. 327 (1986) (negligence of federal agent resulting in property loss not constitutional deprivation). Even if Defendants intentionally withheld or lost Plaintiff's property, unauthorized intentional deprivation of property does not constitute a violation of the Due Process Clause if a meaningful post-deprivation remedy for the loss is available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Accordingly, Plaintiff cannot prevail on a *Bivens* claim for the loss or destruction of his personal property.

### B. Plaintiff Cannot State a Claim Under the Federal Tort Claims Act

Plaintiff's factual allegations appear to give rise to a tort claim alleging the destruction of his property by Defendants Sanchez and Brisenoe, although it is unclear whether Plaintiff is attempting to state a claim under the Federal Tort Claims Act ("FTCA"). "The FTCA allows parties to pursue certain claims against the United States in federal court for injury arising out of the negligent or wrongful conduct of any federal employee acting within the scope of the employee's employment." *DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1120 (9th Cir. 2019). To the extent Plaintiff intends to raise an FTCA claim, the only proper party defendant in an FTCA action is the United States. *See Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998).

Here, even if Plaintiff had named the United States as a defendant, a federal prisoner may not bring a claim under the FTCA against the BOP for lost or damaged personal property. This Court does not have subject matter jurisdiction over claims arising from the detention of personal property by federal prison officers. The waiver of sovereign immunity does not apply to claims arising from the detention of property by "any officer of customs or excise or any other law enforcement officer." 28 U.S.C. § 2680(c); *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 216, 228 (2008) (holding that the 28 U.S.C. § 2680(c) exception applies to all law enforcement officers, including BOP officers); *Bramwell v. U.S. Bureau of Prisons*, 348 F.3d 804, 806-08 (9th Cir. 2003); *see also DaVinci Aircraft, Inc.*, 926 F.3d at 1123 (if plaintiff's tort claim falls within an exception to the FTCA, then a "district court lacks subject matter jurisdiction").

### C. BOP's Grievance System

Plaintiff attached a "Small Claims for Property Damage or Loss (31 U.S.C. § 3723)" form to his Complaint. Dkt. No. 1 at 4. That section permits a claim for not more than $1,000 for property damage or loss caused by negligence of a federal employee acting within the scope of his or her employment. *See* 31 U.S.C. § 3723(a); *Wilson v. United States*, 834 F. App'x

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-00651-MEMF-PD Date: November 18, 2026

Title *Donald Benningfield v. United States Dept. of Justice, et al.*

418, 418–19 (9th Cir. 2021) (concluding that district court properly dismissed due process claims against correctional officers for deprivation of property under *Bivens*, citing 31 U.S.C. § 3723(a) and noting that insufficient facts were alleged).

To the extent that Plaintiff seeks to raise a federal civil rights claim arising from the failure of prison officials to follow the procedures of the BOP's grievance policy or to grant Plaintiff's grievance, such allegations fail to give rise to a civil rights claim. A prisoner does not have a constitutional interest in an effective grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (prisoners lack a "separate constitutional entitlement to a specific prison grievance procedure"); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (an inmate has "no legitimate claim of entitlement to a grievance procedure"); *see also Larkin v. Watts*, 300 F. App'x 501, 502 (9th Cir. Nov. 12, 2008) (federal prisoner's claim that BOP officials improperly processed his administrative complaints or grievances arising from lost property does not give rise to a cognizable constitutional claim (citing *Ramirez*).

Here, the BOP's administrative remedy program provides a meaningful post-deprivation remedy to Plaintiff for the alleged property deprivation. *See Panschow v. Murillo*, 2020 WL 292182, at *2 (C.D. Cal. Jan. 17, 2020) ("An adequate post-deprivation remedy for federal prisoners exists in the form of the BOP's administrative remedy program." (citation omitted)); *Douglas v. BOP Dir.*, 2019 WL 6170734, at *3 (C.D. Cal. Nov. 20, 2019) ("A meaningful remedy exists through the Prison Administrative Remedy Program." (citation omitted)). Because a meaningful post-deprivation remedy is available to Plaintiff, his due process claim cannot proceed.

## IV. Order

Plaintiff is **ORDERED TO SHOW CAUSE** why the Court should not recommend that the Complaint be dismissed for failure to state actionable claims.

To discharge and satisfy this order, Plaintiff can either:

(1) File a first amended complaint ("FAC"), which would entirely supersede the Complaint, if Plaintiff can cure the legal deficiencies outlined in this Order. Plaintiff is advised that a First Amended Complaint would entirely replace the Complaint in this action. Further, any amended complaint must:

(a) be labeled "First Amended Complaint";
(b) be complete in and of itself and not refer in any manner to prior complaints, i.e., it must include all the claims on which Plaintiff seeks to proceed, Local Rule 15-2;
(c) contain a "short plain" statement of the claim(s) for relief, see Fed. R. Civ. P. 8(a);
(d) make each allegation "simple, concise and direct," Fed. R. Civ. P. 8(d)(1);
(e) make allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b);
(f) set forth clearly the sequence of events (including specific relevant dates) which allegedly gives rise to the claim(s) for relief, including what each defendant did and how each specific defendant's conduct injured each specific plaintiff; and
(g) not add defendants or claims without leave of court.
or

(2) Voluntarily dismiss the action—without prejudice to refiling later if justified—using the attached form CV-09.

Plaintiff must do one of these things by no later than **December 18, 2026**. If, given the contents of this Order, Plaintiff elects not to proceed in this action, Plaintiff may expedite matters by signing and returning the attached Notice of Dismissal by **December 18, 2026**, which will result in the voluntary dismissal of this action without prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-00651-MEMF-PD Date: November 18, 2026

Title *Donald Benningfield v. United States Dept. of Justice, et al.*

Plaintiff is cautioned that, absent further order of the Court, Plaintiff's failure to timely file a First Amended Complaint or Notice of Dismissal may result in the dismissal of this action with or without prejudice on the grounds above or for failure to diligently prosecute.

Finally, the Clerk is directed to provide a Central District of California Civil Rights Complaint Form, CV-66, to Plaintiff to facilitate filing of a First Amended Complaint if Plaintiff elects to proceed in that fashion.

Attachments:
--Notice of Voluntary Dismissal (CV-09)
--Civil Rights Complaint Form (CV-66)